# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| United States of America<br>v.<br>Serafin Nava-Perez,<br>a.k.a.: Serafin Nava,<br>(A 073 910 924)<br>_Defendant_ | ) ) ) ) ) ) ) Case No. 16-6477MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of October 31, 2016, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), an offense described as follows:

Serafin Nava-Perez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at San Ysidro, California, on or about November 4, 2003, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), and enhanced by (b)(1). I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

REVIEWED BY: Charles E. Bailey, P.S. for Brooke T. Afshari

☒ Continued on the attached sheet.

_Complainant's signature_

Rene A. Lopez,
Deportation Officer
_Printed name and title_

Sworn to before me and signed in my presence.

Date: November 2, 2016

_Judge's signature_

City and state: Phoenix, Arizona

David K. Duncan,
United States Magistrate Judge
_Printed name and title_

## STATEMENT OF PROBABLE CAUSE

I, Rene A. Lopez, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On October 31, 2016, while following a lead, the Phoenix ICE Fugitive Operations Team (FOT) encountered Serafin Nava-Perez during mobile surveillance at the intersection of 27th Avenue and Thomas Road, in Phoenix, Arizona. FOT Officers interviewed Nava-Perez at the scene and determined him to be a citizen of Mexico, illegally present in the United States. On the same date, Nava-Perez was transported to the Phoenix ICE office for further investigation and processing. Nava-Perez was held in administrative custody until his criminal and immigration records could be obtained and his identity confirmed.

3. Immigration history checks revealed Serafin Nava-Perez to be a citizen of Mexico and a previously deported criminal alien. Nava-Perez was removed from the United States to Mexico through San Ysidro, California, on or about November 4, 2003, pursuant to the reinstatement of an order of removal issued by an immigration judge. There is no

record of Nava-Perez in any Department of Homeland Security database to suggest that he obtained permission from the Secretary of the Department of Homeland Security to return to the United States after his removal. Nava-Perez's immigration history was matched to him by electronic fingerprint comparison.

4. Criminal history checks revealed that Serafin Nava-Perez was convicted of Conspiracy to Transport Illegal Aliens, a felony offense, on July 7, 2003, in the United States District Court, District of Arizona. Nava-Perez was sentenced to eight (8) months' imprisonment and thirty-six (36) months' supervised release. Nava-Perez's criminal history was matched to him by electronic fingerprint comparison.

5. On October 31, 2016, Serafin Nava-Perez was advised of his constitutional rights. Nava-Perez freely and willingly acknowledged his rights and declined to make any further statements at this time.

6. For these reasons, this affiant submits that there is probable cause to believe that on or about October 31, 2016, Serafin Nava-Perez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at San Ysidro, California, on or about November 4, 2003, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply

for admission thereto; in violation of Title 8, United States Code, Section 1326(a), and enhanced by (b)(1).

_____
Rene A. Lopez,
Deportation Officer,
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 2nd day of November, 2016.

_____
David K. Duncan,
United States Magistrate Judge